UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET HOWARD

CIVIL ACTION

VERSUS

NO: 23-cv-02384

WINN-DIXIE MONTGOMERY, LLC,
WINN-DIXIE STORES, INC.,
and TRAJUANA IRVIN

SECTION: "A" (5)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Margaret Howard. Defendants, Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, LLC, and Trajuana Irvin, oppose the motion. The motion, submitted for consideration on August 30, 2023, is before the Court on the briefs without oral argument.[1]

This suit arises out of a slip and fall that occurred at a Winn-Dixie store on September 11, 2020 in Orleans Parish. The plaintiff, Margaret Howard, alleges that she "slipped and fell on a slippery substance in the middle of the aisle." (Rec. Doc. 1-1, Petition ¶ V). Plaintiff filed suit in state court against the defendants, Winn-Dixie Stores, Inc., Winn-Dixie Montgomery, LLC, and Trajuana Irvin. Her petition recites the usual elements of damages associated with a slip and fall injury claim. The

---

[1] Plaintiff has requested oral argument but the Court is not persuaded that oral argument would be helpful in deciding the issues presented.

1

state court petition was filed on August 23, 2021. Since then Defendants have twice removed the case to federal court.

The first removal occurred on July 27, 2022. Defendants removed the suit to this Court alleging diversity jurisdiction. Relying on the "other paper" rule,[2] Defendants asserted that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, "allegations in the Petition, information developed through discovery, and the deposition of the plaintiff" demonstrated that the jurisdictional amount for federal subject matter jurisdiction was satisfied. (Rec. Doc. 1, Notice of Removal, ¶ 39 (2:22-cv-02356)). The first removal was assigned civil action number 22-2356.

Plaintiff moved to remand civil action 22-2356 to state court, arguing that (1) the removal was untimely, (2) complete diversity was lacking, and (3) Defendants had not met their burden to establish that the amount in controversy requirement was satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states). Ultimately, the Court

---

[2] The "other paper" rule reads as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

state court petition was filed on August 23, 2021. Since then Defendants have twice removed the case to federal court.

The first removal occurred on July 27, 2022. Defendants removed the suit to this Court alleging diversity jurisdiction. Relying on the "other paper" rule,[2] Defendants asserted that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, "allegations in the Petition, information developed through discovery, and the deposition of the plaintiff" demonstrated that the jurisdictional amount for federal subject matter jurisdiction was satisfied. (Rec. Doc. 1, Notice of Removal, ¶ 39 (2:22-cv-02356)). The first removal was assigned civil action number 22-2356.

Plaintiff moved to remand civil action 22-2356 to state court, arguing that (1) the removal was untimely, (2) complete diversity was lacking, and (3) Defendants had not met their burden to establish that the amount in controversy requirement was satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states). Ultimately, the Court

---

[2] The "other paper" rule reads as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

state court petition was filed on August 23, 2021. Since then Defendants have twice removed the case to federal court.

The first removal occurred on July 27, 2022. Defendants removed the suit to this Court alleging diversity jurisdiction. Relying on the "other paper" rule,[2] Defendants asserted that even though it was not facially apparent from the original petition that the amount in controversy exceeded the jurisdictional minimum, "allegations in the Petition, information developed through discovery, and the deposition of the plaintiff" demonstrated that the jurisdictional amount for federal subject matter jurisdiction was satisfied. (Rec. Doc. 1, Notice of Removal, ¶ 39 (2:22-cv-02356)). The first removal was assigned civil action number 22-2356.

Plaintiff moved to remand civil action 22-2356 to state court, arguing that (1) the removal was untimely, (2) complete diversity was lacking, and (3) Defendants had not met their burden to establish that the amount in controversy requirement was satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and the matter is between citizens of different states). Ultimately, the Court

---

[2] The "other paper" rule reads as follows:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

granted the motion to remand civil action 22-2356, finding that Defendants had not met their burden of establishing that the amount in controversy requirement for subject matter jurisdiction was satisfied. (Rec. Doc. 11, Order and Reasons (2:22-cv-02356)). The case then proceeded in state court.

The second removal occurred on July 7, 2023, when Defendants once again removed the suit to this Court on the basis of diversity jurisdiction. Although 28 U.S.C. § 1446(c)(1) generally precludes removal in diversity cases more than one year after commencement of the action, Defendants alleged that Plaintiff had acted in bad faith in order to prevent removal. Defendants once again contended that Trajuana Irvin was fraudulently/improperly joined in the action, thereby allowing for diversity jurisdiction.

Plaintiff now moves once again to remand this action to state court. Plaintiff raises two arguments: (1) that Defendants' removal is procedurally defective because the removal is untimely, and (2) that Louisiana defendant Trajuana Irvin was not "fraudulently joined," and as such, the complete diversity necessary for diversity jurisdiction is lacking.

Section 1446 of Title 28, entitled Procedure for Removal of Civil Actions, states in relevant part:

> **Requirements; removal based on diversity of citizenship**—A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 [diversity jurisdiction] more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.*

28 U.S.C. § 1446(c)(1) (emphasis added).

Under 28 U.S.C. § 1446(c), the defendant in a diversity case has a one-year window following the commencement of an action to remove it to federal court. But Congress created an exception to this limitation where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 292 (5th Cir. 2019) (citing § 1446(c)(1)). When it comes to bad faith, the question is what motivated the plaintiff in the past—that is, whether the plaintiff's litigation conduct meant "to prevent a defendant from removing the action." *Id.* at 293.

Satisfying the requirements for § 1446(c)(1)'s bad faith exception is considered a "high burden" because "courts are reluctant to find a party acted in bad faith without clear and convincing proof." *Smith v. Wal-Mart Stores Texas*, LLC, No. 21-179, 2021 WL 4228902, at *4 (S.D. Tex. Apr. 9, 2021) (citing *Boney v. Lowe's Home Centers LLC*, No. 19-1211, 2019 WL 5579206, at *2 (N.D. Tex. Oct. 29, 2019)). Courts determine bad faith on a case-by-case basis, in the context of the general rule that removal jurisdiction is to be strictly construed in favor of remand. *Id.* Ultimately, the burden of showing that a plaintiff has acted in bad faith to prevent removal lies with the removing defendant. *Jones v. Ramos Trinidad*, 380 F. Supp. 3d 516, 521 (E.D. La. 2019) (Brown, C.J.).

Plaintiff commenced this action against Defendants on August 23, 2021. Defendants filed the second Notice of Removal on July 7, 2023, which was nearly *two* years after the action was commenced. The relied-upon basis for subject matter is diversity jurisdiction. Therefore, unless Defendants can establish that

Plaintiff acted in bad faith in order to prevent removal, the motion to remand must be granted.

The second removal was triggered by a settlement demand letter dated June 7, 2023, the quantum of which was based in part on two new expert reports. (Rec. Doc. 1-17, Notice of Removal Exh. Q). Dr. Eric Royster's report is dated May 18, 2023, and Ms. Nancy Favaloro's report is dated May 31, 2023. Based in large part on these two expert reports, the June 2023 settlement demand eclipsed any prior demands or estimations of the amount in controversy that had been made during the first year that the case was pending. As the Court appreciates the Defendants' position, bad faith must be at play here because Dr. Royster and Ms. Favaloro could have issued those same opinions based on what was known to them a year earlier. Defendants point out that Plaintiff's special damages only increased by $13,432 following the first remand, and that Plaintiff's counsel controlled the timing of the reports.

The Court is not persuaded that the circumstances of this case support a finding of bad faith on the part of either the plaintiff or her attorney. The amount in controversy grew significantly based on the claim for *future* medical care, which tends to diminish the fact that the specials incurred following the first remand only increased by a relatively small amount. The medical records suggest that the plaintiff experienced an exacerbation in her symptoms in the months

5

after the case had been remanded for the first time.[3] Dr. Royster's and Ms. Favaloro's reports were authored months after the one-year period for removal had already expired, and presumably this was in accordance with the cutoff dates that had been issued in state court. There is no indication that Plaintiff's counsel withheld anything simply to allow the one-year removal period to expire.

Because the Court is not convinced that Defendants have met their steep burden of establishing that the bad faith exception of § 1446(c)(1) is applicable in this case, removal by Defendants was untimely and the motion to remand must be granted. The remaining issue of whether Trajuana Irvin was improperly joined is moot.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by the plaintiff, Margaret Howard, is **GRANTED.** This matter is **REMANDED** to the state court from which it was removed. The request for costs and attorney's fees is denied.

November 21, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[3] Section 1446(c)(1) includes a one-year limit for removal precisely because in some cases, in the complete absence of bad faith litigation tactics, the amount in controversy may not be fully understood until much later in the litigation, when the prospect of removal would be terribly disruptive to the litigation and disrespectful of the time and resources already expended on the case by the state court judge.